UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MOSHE SCABA,

    Plaintiff,

    v.

THOR MOTOR COACH, INC.,

    Defendant.

Case No. 3:22-CV-717-CCB

## OPINION AND ORDER

    Before the Court is Thor Motor Coach, Inc.'s ("Thor") Motion to Reconsider (ECF 32) the Court's Order (ECF 31) denying Thor's Renewed Motion to Strike Jury Demand (ECF 27). Thor argues that the Court resolved the motion based on an issue outside the adversarial issues the parties presented, and in doing so applied an inappropriate legal standard. The Court agrees. Thor's motion to reconsider is granted. Upon reconsideration, Thor's renewed motion to strike is granted. The jury demand is struck from the complaint.

    This is a case about a recreational vehicle ("RV") manufacturer's warranty. (ECF 1). On June 10, 2021, Plaintiff Moshe Scaba purchased an RV from Camping World, an RV dealer, that was built and warrantied by Thor, an RV manufacturer. Among the sale documents that Mr. Scaba signed on that day was a warranty registration form that contained the boldface provision "I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATED TO OUR MOTORHOME SHALL BE DECIDED BY A JUDGE

RATHER THAN BY A JURY." (ECF 27-1 at 5). The question currently before the Court is whether Mr. Scaba is bound by that jury waiver.

In his complaint, Mr. Scaba demanded a jury. (ECF 1). Thor moved to strike the jury demand from Mr. Scaba's complaint based on the jury waiver provision in the warranty registration form. (ECF 27). Mr. Scaba opposed that motion on the grounds that the jury waiver provision was ambiguous, unconscionable, and signed under duress. (ECF 28). The Court rejected Mr. Scaba's arguments, but denied Thor's motion to strike on the basis that it was unclear whether the warranty registration form effectively modified the sales contract. (ECF 31). Thor has moved for reconsideration, arguing that the Court should not have viewed the warranty registration form as a contract modification. (ECF 32). Because the Court's previous order relied upon an issue outside those briefed by the parties, the Court agrees to reconsider its ruling here.

The Court's reconsideration of its initial ruling is limited in scope. Reconsideration is only appropriate here because the Court based its prior decision on issues "outside the adversarial issues presented to the Court by the parties." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The Court's conclusion in its prior order turned upon the issue of contract modification, which neither party briefed. Thus, the Court restricts its reconsideration to the parties' arguments on that issue. This order does not disturb any other previously decided matters.

Because of this limited scope, the Court will take this opportunity to clarify its previous decision before turning to the question of contract modification. In his

2

response to Thor's motion to reconsider, Mr. Scaba contended that the Court grounded its order denying the renewed motion to strike in the unconscionability and duress issues briefed by Mr. Scaba. (ECF 35 at 3). This is mostly wrong.

In his response to Thor's motion to strike, Mr. Scaba asserted that the "great disparity" in bargaining power between Thor and Mr. Scaba, coupled with the way the jury waiver provision became part of the contract, gave rise to procedural unconscionability. (ECF 28 at 9–10). For the sake of economy, the Court did not dwell on this unconvincing argument in its order. Because the issue has been raised, however, the Court will elaborate on its reasoning. Indiana law defines an unconscionable contract as "one that no sensible man not under delusion, duress or in distress would make." *Jackson v. Bank of Am. Corp.*, 711 F.3d 788, 792 (7th Cir. 2013). This is a high bar, and litigants rarely meet it. *Id.* at 792. Unequal bargaining power alone is not enough to make a contract unconscionable under Indiana law. *Id.* at 793. Neither is a party's failure to read or understand the terms of a contract he freely signed. *Guideone Ins. v. U.S. Water Sys., Inc.*, 950 N.E.2d 1236, 1247 (Ind. Ct. App. 2011). The jury waiver provision did not strike the Court as something "no sensible man" would agree to, and Mr. Scaba failed to persuade the Court otherwise. Mr. Scaba's unconscionability argument was not a basis for the Court's decision in its prior order.

The Court did note that, based on Mr. Scaba's declaration, it appeared that the jury waiver was "sprung" upon Mr. Scaba after Mr. Scaba had finalized his purchase of the RV. (ECF 31 at 5). This is somewhat related to Mr. Scaba's duress arguments. But Mr. Scaba only briefed this issue as a question of economic duress. (ECF 28 at 2). He

3

argued that he was compelled to choose between "(1) signing the Warranty Registration Form and giving up his constitutional right to a jury trial; or (2) being prohibited by Thor from taking delivery of the RV that he rightfully purchased from a third party." (ECF 28 at 4). He contended that this duress was compounded by Camping World's failure to provide him with a copy of the warranty registration form. (*Id.*) And finally, he raised the perplexing argument that he was subjected to duress because he was unaware of a provision in a document that all parties agree he signed. (*Id.* at 5).

The Court rejected these arguments. In his brief, Mr. Scaba raised the specter of a forced choice between waiving his constitutional rights and losing his newly purchased RV. (ECF 28 at 4). But in his affidavit, Mr. Scaba asserts that he was completely unaware of the jury waiver provision. (ECF 28-1 ¶7). Mr. Scaba's will could not have been overborne by pressure he did not know existed. It is also immaterial that Camping World failed to provide Mr. Scaba with a copy of the form he signed because he did not argue that he was tricked or pressured into signing it. And finally, Mr. Scaba's assertion that "no one ever told [him] about the jury waiver provision," (ECF 28-1 ¶7), does not bear on this matter because Mr. Scaba does not deny that he signed the document.

These arguments for duress did not hold water, and the Court set them to the side. Instead, the Court considered whether the jury waiver provision might still be enforceable as a contract modification precisely because there was no evidence Mr. Scaba was subjected to duress. (ECF 31 at 5). It is here that the Court begins its reconsideration.

4

In its prior order, the Court assumed without deciding that the doctrine of contract modification was the appropriate lens through which to consider the warranty registration. The Court made this assumption without the benefit of briefing by the parties. Now that the parties have fully briefed the issue, the Court concludes that the law of contract modification is a poor fit for this matter. This is true for two reasons.

First, Indiana's version of the Uniform Commercial Code governs the sale of recreational vehicles. Ind. Code § 26-1-2-105; *Jones v. Abriani*, 350 N.E.2d 635, 642 (Ind. Ct. App. 1976). Under the UCC, warranties are considered part of the "basis of the bargain," and breach-of-warranty actions are treated as deriving from the sale contract. Ind. Code §§ 26-1-2-313(a); 26-1-2-725. The UCC does not require new consideration for any contract modifications made as part of the basis of the bargain. Ind. Code § 26-1-2-209. Considering these provisions of Indiana law, a warranty registration form signed on the same day as the sale documents is properly treated as part of the basis of the bargain. Even if the form were treated as a contract modification, no new consideration would be required. The doctrine of contract modification therefore offers no clarity and there is no virtue to applying it here.

Second, if anyone sprang the warranty registration on Mr. Scaba, it was Camping World, not Thor. In his complaint, Mr. Scaba alleges that Camping World is Thor's agent because Camping World was authorized by Thor to perform or attempt repair work on RVs under warranty. (ECF 1 ¶11). But that appears to be the outer limit of Thor's relationship with Camping World. In any event, nothing in the record shows that *Thor* was responsible for the order in which Camping World presented forms to

5

Mr. Scaba for his signature. Instead, the record suggests a somewhat messy situation where *Camping World* gave Mr. Scaba a pile of forms on the same day and Mr. Scaba signed some before others. (*See* ECF 28-1 ¶3; ECF 27-1 at 5). Thor can hardly have sprung the warranty registration on Mr. Scaba under such circumstances. It does not therefore make sense to treat the warranty registration as if it were an attempt by Thor to modify the contract.

Because the parties' briefing has shown that the warranty registration form was not a modification of the contract, the Court concludes that it must be part of the basis of the bargain Mr. Scaba accepted when he purchased the RV. Neither party disputes that Mr. Scaba signed the warranty registration. (ECF 27-1 at 5). As discussed above, Mr. Scaba's claims of duress and unconscionability do not avail. And Mr. Scaba's assertions that he was unaware of the jury waiver provision do not permit him to escape the terms of a contract he freely signed. *See Guideone*, 950 N.E.2d at 1247.

For these reasons, Thor's Motion to Reconsider (ECF 32) is **GRANTED.** Upon reconsideration, the Court **GRANTS** Thor's Renewed Motion to Strike Jury Demand (ECF 27) and **STRIKES** the jury demand from Mr. Scaba's complaint. Thor's Motion for Hearing on this matter (ECF 34) is **DENIED** as moot.

SO ORDERED on October 24, 2025.

                                                   /s/ *Cristal C. Brisco*
                                                   CRISTAL C. BRISCO, JUDGE
                                                   UNITED STATES DISTRICT COURT